1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRISELDA MEZA,                              No.  2:24-cv-01376-DAD-JDP

12                  Plaintiff,

13          v.                                   SCHEDULING ORDER

14   METROPOLITAN LIFE INSURANCE
     COMPANY,
15
                    Defendant.
16

17

18          Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court has reviewed the

19   parties' joint status report (Doc. No. 13) and has determined that the court need not "consult[]

20   with the parties' attorneys and any unrepresented parties at a scheduling conference," before

21   issuing a scheduling order in this case.  Fed. R. Civ. P. 16(b)(1)(B).  Accordingly, the court

22   vacates the initial scheduling conference set for February 10, 2025 and hereby issues this

23   scheduling order.

24   I.     SERVICE OF PROCESS

25          The named defendant Metropolitan Life Insurance Company has been served as required

26   by Federal Rule of Civil Procedure 5.  No further service is permitted without leave of court,

27   good cause having been shown under Federal Rule of Civil Procedure 16(b).

28   /////

                                                    1

II.    JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS

The parties do not anticipate the joinder of additional parties or amendment of the pleadings.

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992).  The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule.  Fed. R. Civ. P. 16 (b)(4); *see also Johnson*, 975 F. 2d at 609.  Moreover, any amendment requested under Federal Rule of Civil Procedure 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

III.    DISCOVERY PROCEDURES

Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes subject to his or her procedures.  (The assigned magistrate judge's initials follow the district judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Do not direct delivery of courtesy copies of these documents to the district judge.  Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule discovery matters for hearing.

All motions to compel discovery must be noticed on the assigned magistrate judge's calendar in accordance with the local rules of this court and the magistrate judge's own procedures.  The written ruling of the assigned magistrate judge shall be final, subject to modification by the district court only where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).  Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  *See* L.R. 303(c).  The requesting party must file and serve any such request within fourteen (14) days of service of a written ruling.  L.R. 303(b).  The request must

1  specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that

2  contention with supporting points and authorities.  L.R. 303(c).

3       In addition, the assigned magistrate judge reviews proposed discovery phase protective

4  orders sought by the parties pursuant to Local Rule 141.1.  However, requests to seal or redact in

5  connection with dispositive motions or trial are decided by Judge Drozd and any such requests

6  must comply with Judge Drozd's Standing Order and Local Rules 140 and 141.

7  IV.    DISCOVERY DEADLINES

8       **A.    Rule 26(a) Initial Disclosures**

9       The parties contend that this action is exempt from initial disclosure under Federal Rule of

10  Civil Procedure Rule 26(a)(1)(B) because this is an action for review on the administrative

11  record.  (Doc. No. 13 at 3.)  Defendant will produce the administrative record to plaintiff by

12  **February 24, 2025**, which is a date proposed by the parties.  (*Id.*)

13       **B.    Fact Discovery**

14       All fact discovery shall be completed[1] no later than **August 5, 2025.**

15       Plaintiff does not anticipate engaging in discovery.  (Doc. No. 13 at 3.)  Defendant

16  contends that there is no basis to conduct additional discovery, and the court should not permit

17  any discovery beyond production of the administrative record.  (*Id.*)

18       **C.    Expert Discovery**

19       Disclosures of expert witnesses, if any, must be made pursuant to Federal Rule of Civil

20  Procedure 26(a)(2)(A), (B) and (C), and shall include all information required thereunder.  Each

21  expert witness must be fully prepared to be examined on all subjects and opinions included in the

22  disclosures.  Failure to comply with these requirements may result in the imposition of

23  /////

24

---

25  [1]  As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been

26  resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  The parties are advised that motions to compel must be filed in advance of the

27  discovery completion deadlines so that the court may grant effective relief within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the

28  discovery cutoff may result in denial of the motion as untimely.

1  appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence

2  offered through the expert.

3      The parties agree that no expert discovery is required in this ERISA matter.  (Doc. No. 13

4  at 4.)

5  V.    MOTIONS

6      All motions, except motions for continuances, temporary restraining orders, or other

7  emergency applications, shall be filed on or before **September 2, 2025**, a date proposed by the

8  parties, and shall be noticed for hearing before Judge Drozd on a date not more than 60 days from

9  the date the motion is filed and on a date that is consistent with Judge Drozd's Standing Order.

10  Counsel are directed to refer to the local rules regarding the requirements for noticing and

11  opposing such motions on the court's regularly scheduled law and motion calendar.  The court

12  notes that the parties do not currently anticipate filing any dispositive motions, electing instead to

13  brief all issues for resolution pursuant to Federal Rule of Civil Procedure 52.  (Doc. No. 13 at 2.)

14  The deadline for the parties to file their cross-motions for judgment under Federal Rule of Civil

15  Procedure 52 shall be **October 21, 2025**.

16      Prior to filing a motion for summary judgment or motion for partial summary judgment

17  (summary adjudication), the parties are ordered to meet and confer, in person or by telephone, to

18  discuss the issues to be raised in the motion.  **In addition to complying with the requirements**

19  **of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which**

20  **identifies all relevant facts subject to agreement by all parties.**  The moving party is

21  responsible for filing the joint statement concurrently with the motion.  In the notice of motion,

22  the moving party shall certify that the parties have met and conferred as ordered above or provide

23  a statement of good cause for the failure to do so.

24  VI.    SETTLEMENT CONFERENCE

25      The undersigned requires parties to participate in a court-supervised settlement conference

26  with a settlement judge before the action may proceed to trial.  A settlement conference has not

27  been set at this time.  The parties stipulate to use private mediation to assist in resolving this

28  dispute.  (Doc. No. 13 at 4.)  The parties propose August 19, 2025 as the deadline to complete

mediation.  (*Id.*)  At any time before the mediation deadline proposed by the parties, the parties may file a joint request that this action be referred to a settlement judge for the setting of a settlement conference.  If the parties have not participated in mediation efforts by the mediation deadline proposed by the parties, the court will refer the action at that time to the assigned magistrate judge for the setting of a settlement conference.  The parties shall contact the designated settlement conference judge's chambers to ascertain that judge's settlement conference procedures, including the procedure for submitting confidential settlement statements, which shall not be filed and will not otherwise be disclosed to the trial judge.

Unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference.  Pertinent evidence to be offered at trial, documents or otherwise, should be brought to the settlement conference for presentation to the settlement judge.  Of course, neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

Absent permission from the court, in addition to counsel who will try the case being present, the individual parties shall also be present, and in the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with unrestricted authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer shall also be present.  If for any reason the representative with unlimited authority cannot attend, such a person must be available by phone or video throughout the conference.  In other words, having settlement authority "up to a certain amount" is not acceptable.

VII.    FINAL PRETRIAL CONFERENCE

The parties agree that this case is appropriate for waiver of the pretrial conference, given the streamlined procedures and evidentiary limitations required by ERISA.  (Doc. No. 13 at 5.) The court will not set a final pretrial conference at this time.

VIII.   BENCH TRIAL

A bench hearing on the cross-motions for judgment under Federal Rule of Civil Procedure 52 is set for **March 24, 2026 at 9:00 a.m.** in Courtroom 4 before District Court Judge Dale A.

/////

5

Drozd.  The hearing is anticipated to last half of one court day.  The parties agree that ERISA does not provide a right to a jury trial.  (Doc. No. 13 at 5.)

IX.     REQUEST FOR BIFURCATION, APPOINTMENT OF SPECIAL MASTER, OR OTHER TECHNIQUES TO SHORTEN TRIAL

        The parties have not made any such requests at this time and do not anticipate any such requests.

X.      RELATED MATTERS PENDING

        There is no related litigation.

XI.     OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

        **This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.**  The schedule, once final, shall not be modified except by leave of court upon showing of good cause.  The assigned magistrate judge is authorized to modify only the discovery dates to the extent any such modification does not impact the balance of the schedule of the case.

        The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them.  Agreement of the parties by stipulation alone does not constitute good cause.  Any request or stipulation to modify this scheduling order must set forth:

        (1)     the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;

        (2)     whether there have been prior requests for extensions, and whether these were granted or denied by the court; and

        (3)     specific, concrete reasons supporting good cause for granting of the extension.  For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing

/////

/////

negotiations, i.e., have written proposals been exchanged; is counsel in the process of reviewing a draft settlement agreement; has a mediator been selected.

IT IS SO ORDERED.

Dated:   **January 29, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE